Vélez et al., Demandantes y Apelados, *v.* Roselló Hermanos et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre *injunction.*

No. 1741.—Resuelto en marzo 8, 1918.

Embargo—Segundo Embargo—Derechos de Preferencia—Custodia Legis.—Los derechos preferentes de los que fueron primeros en obtener que se embargaran por el márshal de una corte municipal determinadas existencias comerciales para responder del pago de una deuda a su favor, son claros con relación a un tercero que obtuvo se reembargaran las mismas existencias por el márshal de una corte de distrito, cuando media la circunstancia de que al practicarse el reembargo quedaron las existencias en poder del depositario nombrado por el márshal que practicó los embargos, estando por tanto dichas existencias *in custodia legis* y bajo el control del márshal que lo nombró sin que el otro márshal pueda proceder a la subasta en caso semejante aunque reconozca la preferencia de derechos del primer embargante.

MÁRSHAL—PODERES MINISTERIALES.—El márshal es un funcionario cuyos poderes son ministeriales y debe cumplir las órdenes de embargos expedidas por una corte sin resolver por sí sobre preferencia de derechos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sr. Leopoldo Tormes.*

Abogados de los apelados: *Sr. José Q. Torres Salaberry.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 27 de julio de 1917, José Vélez y Rufino Rivera, vecinos de Salinas, radicaron en la Corte de Distrito de Ponce una petición de *injunction* contra Roselló Hermanos y Domingo Mattei, con súplica de que expidiera una orden al márshal de la Corte de Distrito de Guayama para que se abstuviera de llevar a efecto el remate de las mercancías embargadas en juicio seguido en dicha corte de distrito por la sociedad mercantil Roselló Hermanos contra Domingo Mattei en cobro de pesos, paralizando a la vez la publicación de los edictos anunciadores del remate hasta que se terminaran los pleitos pendientes ante la Corte Municipal de Salinas, seguidos por Vélez y Rivera contra el propio Mattei, en cuyos juicios se habían embargado antes las mismas mercancías; y a ese fin alegaron Vélez y Rivera entre otras cosas que de llevarse a cabo el remate tendrían que renunciar a un derecho adquirido con anterioridad al de Roselló Hermanos, haciéndose ilusoria la sentencia que pudiera recaer a favor de ambos en dichos pleitos y obligándoseles en todo caso a entablar una serie de litigios que perjudicarían sus intereses.

La corte de Ponce señaló día para que los demandados comparecieran ante ella a mostrar causa por qué no debiera concederse el *injunction* preliminar solicitado y al mismo tiempo ordenó que previa prestación de fianza por los demandantes, la que prestaron, se pusiera a aquéllos en entredicho y también al márshal de la Corte de Distrito de Guayama previniéndoles que por sí o por otra persona se abstuvieran de llevar adelante la ejecución de la sentencia y remate anunciados por dicho márshal para ejecutar la sentencia

dictada en el caso entre Roselló Hermanos y Domingo Mattei en cobro de dinero.

La sociedad Roselló Hermanos se opuso a la petición de *injunction* y la corte de Ponce por orden de 3 de octubre de 1917 concedió el *injunction* preliminar solicitado en cuanto a las mercancías a que se refiere, pudiendo ejecutarse la sentencia a favor de Roselló Hermanos en cualquiera otra clase de bienes del demandado Domingo Mattei, contra cuya orden interpuso esa sociedad recurso de apelación para ante esta Corte Suprema.

La orden apelada se sostiene por los hechos alegados en la petición de *injunction* y los resultantes de la evidencia practicada.

Esos hechos son los siguientes:

Ante la Corte Municipal de Salinas entabló demanda José Vélez en cobro de $378.80 contra Domingo Mattei y para asegurar la sentencia que recayera solicitó y obtuvo una orden de embargo en cumplimiento de la cual el márshal de dicha corte embargó al demandado las mercancías que tenía en un establecimiento mercantil situado en el mismo pueblo de Salinas.

Por el mismo tiempo Rufino Rivera presentó otra demanda ante la propia Corte Municipal de Salinas en cobro de $150 también contra Domingo Mattei, y para el aseguramiento de la sentencia, por orden de la corte, el márshal de ella embargó en segundo término o reembargó las mercancías del establecimiento mercantil de Domingo Mattei.

En ambos juicios presentó demanda de intervención Roselló Hermanos.

Con posterioridad a las dos demandas de que se deja hecho mérito la sociedad mercantil Roselló Hermanos radicó demanda ante la Corte de Distrito de Guayama contra el Domingo Mattei en reclamación de dinero, y celebrado el juicio en rebeldía del demandado la demandante solicitó de la corte la ejecución de la sentencia obteniendo una orden por la cual el márshal embargó a Domingo Mattei en tercer término las

mismas mercancías que ya estaban embargadas en los juicios seguidos contra Mattei por Vélez y por Rivera.

En el diligenciado de la orden de embargo expedida en el caso de Roselló Hermanos contra Domingo Mattei, su fecha 27 de abril de 1917, hizo constar el márshal de la Corte de Distrito de Guayama que las mercancías embargadas se encontraban depositadas en poder de José Vélez, uno de los anteriores demandantes, quien al ser requerido para que las entregara con el fin de depositarlas en poder de Guillermo Roselló, se negó en absoluto a entregarlas quedando por tanto en su poder dichas mercancías, y que habiendo notificado el reembargo al márshal de la Corte Municipal de Salinas, le hizo saber que el sobrante o remanente que resultara después de hecha la liquidación de los bienes embargados, si se llegaban a vender en pública subasta, habría de quedar a disposición de la Corte de Distrito de Guayama para ser entregado a Roselló Hermanos o a su abogado.

A virtud de moción presentada por Roselló Hermanos a la corte de Guayama solicitando la venta de los bienes embargados, dispuso dicha corte en 12 de mayo de 1917 que fuera notificada a Domingo Mattei y a sus acreedores José Vélez y Rufino Rivera que practicaron los embargos anteriores a fin de que dentro de cinco días comparecieran a oponerse a la moción si lo estimaban oportuno, bien entendido que "en caso de no comparecer se procedería a acceder a lo solicitado ordenándose la venta en pública subasta de dichos bienes y depositando su importe en la corte a los efectos de ley."

A la anterior moción se opusieron José Vélez y Rufino Rivera, alegando que los embargos a su instancia practicados en juicios seguidos ante la Corte Municipal de Salinas eran anteriores al de Roselló Hermanos en juicio seguido ante la Corte de Distrito de Guayama, que las mercancías embargadas eran de tal naturaleza que no podían sufrir deterioro si se esperaba a la terminación de los litigios pendientes para la

venta de ellas y que por el contrario los intereses de Vélez y Rivera sufrirían menoscabo con la venta pretendida.

No consta en los autos cuáles fueron los términos precisos en que la corte de Guayama resolvió la anterior moción, pero las alegaciones demuestran que la subasta fué ordenada y que para llevarla a efecto se expidió orden al márshal de la Corte de Distrito de Guayama, cuya orden quedó en suspenso con motivo de la solicitud de *injunction* declarada con lugar por la Corte de Distrito de Ponce.

Alega la parte apelante tanto en su oposición al *injunction* como en su alegato escrito ante esta Corte Suprema que los intereses de José Vélez y Rufino Rivera no habrían de sufrir perjuicio alguno con la subasta de las mercancías reembargadas a instancia de la referida sociedad ni dichos derechos emanados de anteriores embargos habían de quedar ilusorios, pues el márshal de la Corte de Distrito de Guayama dejó las mercancías reembargadas en poder del mismo que las tenía, José Vélez; que en el mismo récord aparecen determinados los derechos que la ley reconoce a cada uno de los actores, y era obligación del márshal de Guayama reservar del importe que se obtuviera en la subasta la cantidad reclamada por aquéllos, entregando el remanente que resultara a Roselló Hermanos, bien en pago total o bien en abono a su sentencia contra Mattei, según el resultado de la liquidación.

A la anterior alegación contesta la representación de José Vélez y Rufino Rivera que los edictos no contienen advertencia alguna de que el producto en venta de la subasta de las mercancías hubiera de aplicarse con preferencia a cubrir los créditos de Vélez y Rivera y que si así se hubiera hecho constar hubiera sido ociosa la pretensión de *injunction* formulada ante la Corte de Distrito de Ponce.

Opinamos que los derechos preferentes de José Vélez y Rufino Rivera respecto de Roselló Hermanos con motivo de la prioridad de sus embargos, son claros dada la circunstancia de que al practicarse el reembargo de las mercancías a ins-

tancia de Roselló Hermanos quedaron éstas en poder del depositario, a quien las había entregado el márshal de la Corte Municipal de Salinas, y por tanto *in custodia legis* bajo el control de dicho márshal y no bajo el de la Corte de Distrito de Guayama. *Oronoz & Cía.* v. *Alvarez,* 23 D. P. R. 536. Y esos derechos fueron reconocidos por el mismo márshal de la Corte de Distrito de Guayama cuando notificó al márshal de la Corte Municipal de Salinas que el sobrante o remanente que resultara después de hecha la liquidación de las mercancías embargadas, si se llegaban a vender en pública subasta, quedaría a disposición de la Corte de Distrito de Guayama para ser entregado por el márshal de ésta a Roselló Hermanos o a su abogado.

Pero la subasta de las mercancías por el márshal de la Corte de Distrito de Guayama, sin tenerlas bajo su control, lesiona el derecho de Vélez y Rivera a que la subasta se lleve a efecto por el márshal de la Corte Municipal de Salinas y a que el producto de ella se destine con preferencia al pago de sus créditos, por más que deba reservarse el sobrante que resultare para cubrir en todo o en parte el crédito de Roselló Hermanos.

De todos modos, como Roselló Hermanos no ha probado que la subasta que había de efectuar el márshal de la Corte de Distrito de Guayama estaba sujeta a la condición de destinarse su producto a cubrir con preferencia los créditos de Vélez y Rivera, siempre hubieran podido éstos ser perjudicados en sus intereses, pues el márshal es un funcionario cuyos poderes son ministeriales y debe cumplir las órdenes de la corte sin resolver por sí sobre preferencia de derechos. Hubiera tenido que aplicar el producto de la venta a pagar con preferencia el crédito de Roselló Hermanos, cuyo cobro era el que motivaba la subasta. La doctrina establecida en el caso de *Auffant* v. *Sucesión Ramos,* 23 D. P. R. 416, no es aplicable al presente, cuyas circunstancias son distintas de las de aquél.

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.